**Larry LILE and Clayton Soukup, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**The UNIVERSITY OF IOWA HOSPITALS AND CLINICS, John W. Colloton, Director, and the University of Iowa, Defendants.**

**Civ. No. 86–30–D–1.**

United States District Court, S.D. Iowa, C.D.

Nov. 16, 1987.

Janice E. Rutledge and Christine M. Luzzie of Iowa Legal Services Corp. of Iowa, Iowa City, Iowa, for plaintiffs.

Thomas J. Miller, Atty. Gen. of Iowa, Merle Wilna Fleming, Asst. Atty. Gen. of Iowa, for defendants.

## ORDER

STUART, District Judge.

The Court has before it defendants' motion to dismiss and plaintiffs' resistance thereto. The Court heard oral arguments by the parties on May 1, 1987 and required the parties to supplement their briefs. The matter is now fully submitted.

## I. BACKGROUND

The Hill–Burton Act, 42 U.S.C. § 291 *et seq.* authorized grants for hospital improvements. Hospitals receiving grants incurred obligations to provide free care to qualified patients for 20 years or until the grant was repaid whichever was the shorter period.

The University of Iowa Hospital claims it repaid its Hill–Burton grant on January 16, 1981. In making that determination it included those patients whose care was paid for by the State of Iowa through the state's "state papers program" (Iowa Code 255) under which state appropriations for treatment of indigent patients are apportioned among the counties according to population. Each county is responsible for distributing the papers among needy residents.

42 C.F.R. 124.502 excludes from uncompensated services "services reimbursed by Medicare, Medicaid or other third party programs, including services for which reimbursement was provided as payment in full and services disallowed pursuant to § 124.513(d)(1)."

The plaintiffs initiated this action in February, 1986, alleging that the University of Iowa Hospitals and Clinics have violated the Hill–Burton Act by failing to provide free care to qualified patients by using care provided by the State of Iowa under the "state papers" program as a means to satisfy Hill–Burton requirements. Plaintiffs allege that violations of the Act are remediable under that Act, as well as under 42 U.S.C. § 1983.

Plaintiffs initially filed an administrative complaint with the Secretary of Health and Human Services, who dismissed plaintiffs' complaint. The secretary found:

> that services provided under the Iowa Indigent Patient Care Program are not excluded *per se* from credit under the Hill–Burton program because the State of Iowa:
>
> 1. Owns the hospital and appropriates funds for the hospital to cover expenses for the program; and

2. Does not appropriate funds under this program for use by other facilities.

Therefore, uncompensated services credit may be claimed by the University Hospital to the extent that their accounts meet the credibility requirements of sections 124.506 and 124.508 of the regulations. (Defendant's Exhibit A)

This action thereby became ripe for judicial determination pursuant to 42 U.S.C. § 300s–6 and 42 C.F.R. § 124.511(a)(4).

Plaintiff filed a three count complaint on February 18, 1986, alleging that (I) defendant violated 42 U.S.C. § 291c(e)(2) of the Hill–Burton Act, (II) defendant violated Hill–Burton regulations, 42 C.F.R. § 124.502, and (III) defendant deprived plaintiffs of rights secured by the laws of the United States and the deprivation is remediable under 42 U.S.C. § 1983.

Defendants have moved to dismiss the complaint on Eleventh Amendment grounds and have moved to dismiss the § 1983 count on grounds that the remedial devices provided under Hill–Burton precludes the remedy of suits under § 1983.

## II. AVAILABILITY OF A PRIVATE CAUSE OF ACTION

■ Defendants argue that the count based on 42 U.S.C. § 1983 should be dismissed because the remedial devices provided under Hill–Burton precludes the remedy of suits under § 1983.

The Supreme Court has held that § 1983 encompasses claims based solely on statutory violations of federal law. *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Following *Thiboutot*, one district court held that a claim for violation of the Hill–Burton Act may be enforced through 42 U.S.C. § 1983. *Gadway v. Blum*, 567 F.Supp. 772 (N.D.N.Y. 1983).

The Supreme Court has since recognized an exception to statutory violations of federal law. "When the remedial devices pro-

vided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate a congressional intent to preclude the remedy of suits under 42 U.S.C. § 1983." *Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S. 1, 20, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981).[1] The Supreme Court has found that the remedial devices provided in the Education for All Handicapped Children Act (EAHCA) are sufficiently comprehensive so as to preclude suits under 42 U.S.C. § 1983. *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984).

The question thus becomes whether the remedial devices provided in the Hill–Burton Act are sufficiently comprehensive to demonstrate a congressional intent to preclude the remedy of suits under 42 U.S.C. § 1983.

The Court believes that the remedial devices provided by Hill–Burton are sufficiently comprehensive. The statute provides for administrative review by the Secretary, as well as subsequent private actions, with applicable rules promulgated thereunder. See 42 U.S.C. § 300s–6. Thus, in light of *Sea Clammers*, the count based on § 1983 will be dismissed and *Gadway v. Blum* is distinguished in light of the subsequent caselaw.

This view is supported by the recent Supreme Court decision of *Wright v. City of Roanoke*, —— U.S. ——, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987). In that case the court again stated that where the statute at issue provides for private judicial remedies, that indicates that Congress intended to supplant a § 1983 remedy. *Id.* 107 S.Ct. at 771. It held in that case that § 1983 was available to plaintiffs because the Housing Act did not provide a private cause of action. Here, the Hill–Burton Act provides for private remedies. Thus, the § 1983 claim will be dismissed.

As the Court has determined that Count III will be dismissed because the Hill–Burton Act provides comprehensive remedical

---

1. A separate constitutional claim outside the scope of the particular act would not bar a suit under 42 U.S.C. § 1983. *See, e.g., Rose v. Ne-*

*braska*, 748 F.2d 1258, 1263 (8th Cir.1984) (EAHCA and due process claims).

devices including the right to bring a private cause of action, the Court need not consider defendants other grounds for dismissing Count III.

### III.

■ Defendants original motion to dismiss sought dismissal of the Hill–Burton actions Counts I and II for failure to state a claim upon which relief could be granted. During oral argument defendants obtained permission to extend their Eleventh Amendment defense to Counts I and II.

It seems incongrous for the state to argue that plaintiffs have no right of action under § 1983 because the Hill–Burton Act provides a full panoply of remedies and then argue that the lawsuits under that act should be dismissed under the Eleventh Amendment. In any event, at least part of the relief sought is equitable in nature. The Court at this stage of the proceeding need not determine the extent of the relief that may be available to the plaintiffs if they prevail on the merits. Prospective, equitable relief has long been recognized as an exception to Eleventh Amendment immunity. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Edelman v. Jordan*, 415 U.S. 651, 667–68, 94 S.Ct. 1347, 1357–58, 39 L.Ed.2d 662 (1974); *Meiner v. Missouri*, 673 F.2d 969, 982 (8th Cir.1982). Such relief may be granted even when attended by fiscal consequences to the state. *Edelman*, 415 U.S. at 667, 94 S.Ct. at 1357.

Often, as is the case here, the line between prospective and retrospective relief may not be bright. *Edelman*, at 667, 94 S.Ct. at 1357. Plaintiff seeks a declaratory judgment that defendants have violated the Hill–Burton Act and regulations by counting state papers patients toward their uncompensated care requirement and an injunction ordering defendants to provide uncompensated care to patients for whom no effective request was made.

The Eleventh Amendment is no bar if the relief plaintiff seeks can fairly be characterized as "a necessary consequence of compliance in the future with a substantial federal question determination." *Edel-*

*man*, at 668, 94 S.Ct. at 1358. In this case, a determination that defendants violated the Hill–Burton Act by counting state papers patients toward their uncompensated care requirement would necessarily require defendants to take action to comply with the Act. Injunctive relief is one possible remedy.

### IV.

As amended Counts I and II of the complaint are sufficient to withstand a motion to dismiss for failure to state a cause of action upon which relief can be granted.

### V. CLASS CERTIFICATION

Plaintiffs have moved for class certification pursuant to Rule 23, Federal Rules of Civil Procedure. At this stage in the litigation, the Court believes that class certification is premature. The Court will deny class certification at this time.

IT IS THEREFORE ORDERED that the section 1983 count against defendants is dismissed.

IT IS FURTHER ORDERED that defendants motion to dismiss is denied.

IT IS FURTHER ORDERED that class certification is denied at this time.